# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| AALIYAH GASTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 5:19-CV-1827-CLS |
| ) | |
| MADISON HEIGHTS ) | |
| APARTMENTS, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

This court has, *sua sponte*, on its own, reviewed the petition for removal filed by plaintiff, Aaliyah Gaston, pursuant to 28 U.S.C. § 1441, and seeking a stay of eviction proceedings commenced against plaintiff in state court by the defendant, Madison Heights Apartments. *See* doc. no. 1 (Petition for Removaland Federal Stay of Eviction). Upon consideration of the pleadings, and for the reasons stated below, this case is due to be remanded to the state court from which it was improvidently removed.

Defendant commenced eviction proceedings against plaintiff in the District Court for Madison County, Alabama, on October 10, 2019, by filing a complaint alleging that it had served a written notice terminating Aaliyah Gaston's right to retain possession of property located at 126 Michael Avenue, Apartment B, in

Madison, Alabama, due to Gaston's failure to pay $400 in rent. *See* doc. no. 1-1 (State Court Pleadings), at 3 (State Court Eviction/Unlawful Detainer Complaint);[1] *see also* Ala. Code § 35-9A-101 *et seq.* (1975) (Alabama Uniform Residential Landlord and Tenant Act); *id.* § 6-6-310 *et seq.* (Alabama Unlawful Detainer Statute). Gaston's October 28, 2019 answer to the state-court complaint alleged only that Madison Heights Apartments "did not serve [him or her] with a proper termination

---

[1] This is a pre-printed form, "fill-in-the-blank," complaint promulgated by the State's Unified Judicial System, and providing in pertinent part that:

1. Plaintiff(s) [*Madison Heights Apartments*] demands the right to possession from the defendant(s) [*Aaliyah Gaston*] of the following described residential, commercial or other real property located at: 126 MICHAEL AVENUE, APT. B MADISON, AL 35758

2. Defendant(s) no longer has the right to possession because:
(a) Plaintiff avers that Defendant(s) has/have willfully and not in good faith violated the lease by failure to vacate after the lease was terminated;
(b) Plaintiff avers that Defendant(s) has/have willfully violated the lease by failing to pay rent;
(c) Plaintiff claims all future rent, property damage, attorney fees and all amounts recoverable under the Alabama Landlord-Tenant Act, and/or lease agreement, as same accrues. Amount due as of 09/06/2019.

3. Defendant(s) right of possession has been lawfully terminated by written notice.

4. Plaintiff(s) also claims the sum of $400.00 plus court costs from the Defendant(s) consisting of: unpaid rent and late charges, plus attorney's fees (if applicable) and other charges.

5. Plaintiff(s) also claims future rent and late charges, plus attorney's fees (if applicable) and other charges accruing through the date Plaintiff(s) obtains possession of the above described property.

Doc. no. 1-1 (State Court Pleadings), at 3 (alterations supplied).

of lease notice before filing this case." *Id.*, at 2 (Answer to Landlord's Claim).

Gaston's petition for removal was filed eleven days later, on November 8, 2019, and is based upon 28 U.S.C. § 1441(b), which provides that a state-court action may be removed to a United States District Court on the basis of the parties' diversity of citizenship: *i.e.*,

> **(b) Removal based on diversity of citizenship**.—
>
> (1) In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.
>
> (2) A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b).[2]

In turn, the pertinent parts of the federal statute conferring jurisdiction upon a federal court on the basis of the parties' diversity of citizenship provides that: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States; . . . " 28 U.S.C. § 1332(a)(1) (ellipses supplied).

---

[2] Plaintiff also seeks to proceed herein *in forma pauperis*. *See* doc. no. 2 (Application to Proceed in District Court Without Prepaying Fees or Costs).

As the language of the foregoing statutes clearly implies, federal courts are tribunals of limited jurisdiction, "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *University of South Alabama v. The American Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). Accordingly, an "Article III court must be sure of its own jurisdiction before getting to the merits" of any action. *Ortiz v. Fiberboard Corp.*, 527 U.S. 815, 831 (1999) (citing *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 88-89 (1998)).

A defendant who seeks to remove a state-court action to district court bears the burden of proving that federal jurisdiction exists. *See, e.g.*, *Leonard v. Enterprise Rent A Car*, 279 F.3d 967, 972 (11th Cir. 2002); *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319-20 (11th Cir. 2001). When determining the propriety of a removal, district courts are directed to construe the removal statutes narrowly, and "all uncertainties as to removal jurisdiction are to be resolved in favor of remand." *Russell Corp. v. American Home Assurance Co.,* 264 F.3d 1040, 1050 (11th Cir. 2001) (citing *Burns v. Windsor Insurance Co.,* 31 F.3d 1092, 1095 (11th Cir. 1994)). Most importantly, the court must focus upon jurisdictional facts alleged on the date the case was removed from state court. *See, e.g., Burns*, 31 F.3d at 1097 n.13 ("Jurisdictional

facts are assessed on the basis of plaintiff's complaint *as of the time of removal*.") (emphasis in original) (citations omitted). Finally, district courts are admonished to determine jurisdiction "at the earliest possible stage in the proceedings." *University of South Alabama*, 168 F.3d at 410.

Even assuming that plaintiff can establish that there is complete diversity of citizenship between the parties,[3] there is no proof that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a); *see* doc. no. 1-1 (State Court Pleadings), at 3 (Statement of Claim Eviction/Unlawful Detainer).[4] Indeed, the jurisdiction of the District Court of Madison County, Alabama, is limited to cases in which the amount in controversy does not exceed $20,000. *See* Ala. Code § 12-12-30 (1975).[5] Further, plaintiff has neither alleged nor established a basis for federal question jurisdiction.

Accordingly, it is ORDERED, ADJUDGED, and DECREED that this case be, and the same hereby is, dismissed for lack of federal jurisdiction. The Clerk is

---

[3] Plaintiff alleges that defendant "is registered and headquartered in the State of Tennessee." Doc. no. 1 (Petition for Removal and Federal Stay of Eviction), at 1.

[4] Madison Heights Apartments seeks in the "Statement of Claim" cited in text to recover possession of the leased property, a sum of $400 in unpaid rent, an undetermined amount for future rent, late charges, attorney's fees, and costs of court. *See* doc. no. 1-1 (State Court Pleadings), at 3 (Statement of Claim Eviction/Unlawful Detainer).

[5] For many years, the jurisdiction of Alabama District Courts was limited to actions in which the amount in controversy did not exceed $10,000, but on September 1, 2019, the maximum jurisdictional amount was increased to $20,000. The present action was filed in state court on October 10, 2019, after the effective date of the increase in the jurisdictional amount.

directed to remand the action to the District Court of Madison County, Alabama, from which it was improvidently removed. Plaintiff's claim to proceed *in forma pauperis*, without payment of court fees or costs, is DENIED.

DONE and ORDERED this 20th day of November, 2019.

_____
United States District Judge